Bertram R. Geleand, S.
La this proceeding to judicially settle the account of the Public Administrator objectants con *171 tend that they are cousins of the decedent and his sole distributees. The oral and documentary testimony adduced at the hearing failed to present any direct evidence as to whether certain relatives of the decedent had predeceased him. Establishment of information as to these relatives is critical to the objectants succeeding in their claim. Objectants seek to complete their proof by circumstantial evidence and the court taking judicial notice of historical events.
Direct testimony established that all of the parties with reference to whom there is a lack of evidence are of Greek nationality. For many years prior to 1922, they were all residents of an area of Turkey the center of which is a city now known as Izmir and which, at that time, was called Smyrna. Certain well-known historical events occurred in this area in the year 1922. It was testified that subsequent to the occurrence of these events none of the parties with reference to whom there was an absence of direct evidence were ever heard from again. It was further established by the testimony that there existed close and continual contact between objectants’ family and their relatives who were resident in Greece and Turkey before 1922. This contact continued with relatives who had lived in the area of Izmir prior to 1922 and who survived the events of 1922 to be resettled in Greece.
Judicial notice may properly be taken of historical events that involve catastrophies that resulted in the deaths of massive numbers of people (Matter of Tien, 72 Misc 2d 650; Matter of Tim, 6 Misc 2d 47, 58). In this matter, judicial notice will be taken of the fact that in 1922 in one of history’s illustrations of how violence begets violence there occurred in Smyrna, Turkey, one of the all too frequent examples of man’s inhumanity to man. At the time political and social conditions in Turkey were in a state of revolutionary flux. The victors of World War I had a substantial military and naval presence in the harbor of Smyrna. While the powers of the world meditated as to what action would be politically appropriate, during September and October of 1922 as a result of genocidal slaughter and fire, a substantial portion of the Greek population of the Smyrna area died. Those not slaughtered by violence, drowning or fire were expatriated to Greece. In the instant case, the objectants’ family did establish contact after 1922 with the expatriates but never again heard from their Greek relatives who did not escape to Greece. When genocidal slaughters of immense proportions occur, it is not unreasonable to presume the death of individuals who were at the scene of the genocide *172 and were members of the victimized group. Such an assumption is justified in this case and completes the pedigree information necessary to establish that at the time of decedent’s death his sole distributees were Daniel Boussos, Emily Seidel, Mary Boussos, Diana Nichols and Pary Sosa, all of whom are cousins entitled to share equally in the net distributive estate.